■ CAROL SUSAN LANDGRAF, Respondent, v MANUEL J. NEU-HAUS, Appellant. [910 NYS2d 431]—

Amended judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), entered March 13, 2008, dissolving the parties' marriage and, insofar as appealed from, awarding plaintiff lifetime maintenance in an amount that will increase, upon the emancipation of the parties' minor child, by 50% of defendant's then basic child support obligation, unanimously modified, on the law, to vacate the part of the judgment that directs an automatic increase in maintenance upon the emancipation of the child, and otherwise affirmed, without costs.

The award of lifetime maintenance to plaintiff was appropriate, considering her advanced age, the fact that she subordinated her career to caring for the parties' child and supporting defendant's efforts to start his own business, and her likely inability to become self-supporting (see Domestic Relations Law § 236 [B] [6] [a]). However, the award of an automatic increase in maintenance "on the occurrence of [one] given fact"—i.e., upon the emancipation of the child—was error, because it "ignores the possibility of change in other factors affecting the computation" (Majauskas v Majauskas, 61 NY2d 481, 494 [1984]). Concur—Tom, J.P., Friedman, Catterson, Renwick and Manzanet-Daniels, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL CORIAN, Appellant. [909 NYS2d 360]—

Order, Supreme Court, New York County (Bonnie G. Wittner, J.), entered on or about April 16, 2009, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court properly applied the presumptive override for a prior felony sex crime conviction, and properly exercised its discretion in declining to grant a downward departure (see People v Judd, 29 AD3d 431 [2006], lv denied 7 NY3d 709 [2006]). Defendant, who, among other things, has twice been convicted of persistent sexual abuse (Penal Law § 130.53), has demonstrated an extremely high risk of recidivism, and his argument that the type of misconduct in which he habitually engages is not serious enough to warrant a level three designation is unpersuasive. Concur—Tom, J.P., Friedman, Catterson, Richter and Manzanet-Daniels, JJ.